UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| DEMETRIUS T. SAUNDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:13-cv-02053-SEB-MJD |
| | ) |
| CAROLYN W. COLVIN, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Plaintiff Demetrius Saunders requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 1382c(a)(3). For the reasons set forth below, the Magistrate Judge recommends that the decision of the Commissioner be **REVERSED AND REMANDED**.

### I. Procedural History

Saunders filed an application for SSI alleging an onset of disability beginning January 1, 2010. Saunders' claims were denied initially and on reconsideration. Saunders requested a hearing which was held before Administrative Law Judge Gregory Hamel ("ALJ"). The ALJ denied Saunders' application. The Appeals Council granted Saunders' request for review and issued a decision denying Saunders' application for SSI, making the Appeals Council's decision the final decision for purposes of judicial review. Saunders then filed a Complaint with this Court.

## II.   Factual Background and Medical History

Demetrius Saunders was 21 years old at the time of the hearing decision. While he completed high school, he received special education during his adolescence. In 2001, Saunders received a mental evaluation conducted by the school psychiatrist. Saunders was diagnosed with a communication disorder and had a full scale IQ score of 61.

In September 2010, at the request of the Disability Determination Bureau ("state agency"), Saunders was seen by Michael O'Brien, Psy.D. HSPP for a consultative examination. Saunders underwent intelligence testing which confirmed the full scale IQ score of 61. Dr. O'Brien indicated that although his full scale IQ fell in the range of Mild Mental Retardation, Saunders' level of functioning indicated that a diagnosis of Borderline Intellectual Functioning was more appropriate. Dr. O'Brien provided a medical source statement opining that Saunders was able to understand, remember and carry out simple directions at a level that is on par with his extremely low IQ; Saunders could focus and concentrate well enough to carry out simple tasks at a level that is on par with his IQ; Saunders could relate to others on a superficial basis; and Saunders could adapt to routine changes.

State agency psychologist Amy Johnson, Ph.D. completed a Mental Residual Functional Capacity Assessment in May 2011. Dr. Johnson opined that Saunders did not have any limitations in activities of daily living; his attention and concentration were moderately impacted, but appeared reasonable for tasks; and Saunders appeared to tolerate superficial, casual interactions with others. Dr. Johnson further opined that Saunders could understand, remember, and carry out unskilled tasks; can attend to tasks for sufficient periods of time to complete tasks; and can manage stresses involved with unskilled work.

Dr. Johnson also completed a Psychiatric Review Technique in May 2011 in which she evaluated Saunders' impairment under Listing 12.05. Dr. Johnson did not find that Saunders'

impairment met or medically equaled Listing 12.05. Dr. Johnson's opinions were reviewed and affirmed by state agency psychologist Ken Lovko, Ph.D.

Also in May 2011, Saunders sought assistance with job placement from Noble of Indiana. Employment specialist Kristy Byers identified strengths and barriers to employment. Among the barriers, Ms. Byers indicated that Saunders' academic skills were limited; he had difficulties following written directions, making sound judgments and multi-tasking; he has articulation difficulties and tends to mumble; and he has difficulty handling frustrations. It was Ms. Byers' opinion that Saunders needed job coaching to obtain and maintain employment. Saunders then began meeting with a job coach several times a month.

In June 2011, state agency speech pathologist M. Thomas, CCC-SLP issued an opinion regarding the severity of Saunders' speech disorder. Based on the record, Mr. Thomas opined that Saunders' speech disorder was not severe.

In July 2011, Saunders obtained employment at McDonalds. His job coach continued to visit McDonalds to make sure things were going well. The job visits continued at least through the time of the hearing and Saunders' job coach consistently reported that Saunders was doing well on his job.

### III.    Applicable Standard

To be eligible for SSI and DIB, a claimant must have a disability under 42 U.S.C. § 1382c. Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous

work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 1382(a)(3)(B).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

The final decision of the Commissioner will not be disturbed if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Schoenfeld v. Apfel*, 237 F.3d 788, 792 (7th Cir. 2001). However, the standard requires that there be more than a scintilla of proof in support of that decision. *Id*. (citing *Cannon v. Apfel*, 213 F.3d 970, 974 (7th Cir. 2000)).

## IV. The Commissioner's Decision

The Appeals Council granted review and issued a decision, making it the final decision for purposes of judicial review. However, the findings of the ALJ are not to be ignored and are considered as part of the record as a whole when determining whether substantial evidence supports the Appeals Council's decision. *Pitts v. Sullivan*, 923 F.2d 561, 564 (7th Cir. 1991). In this case, the Appeals Council affirmed the decision of the ALJ and agreed in large part with the ALJ's findings. [R. at 4-6.] As such, the Court will determine whether substantial evidence exists in the ALJ's decision as well as the decision of the Appeals Council.

Applying the five-step analysis, the ALJ found at step one that Saunders engaged in substantial gainful activity since April 5, 2011, the application date, by working full-time as a cashier and cook at McDonalds. Saunders' wages were $1,010 per month which are in excess of the amount indicative of substantial gainful activity. However, the ALJ continued the analysis without regard to whether Saunders may have engaged in substantial gainful activity.

At step two, the ALJ found that Saunders had the severe impairments of borderline intellectual functioning. At step three, the ALJ determined that Saunders did not have an impairment or combination of impairments that meets or medically equals any impairment in the Listing of Impairments.

Next, the ALJ found that Saunders had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following non-exertional limitations: "the claimant is capable of routine and repetitive tasks that do not require more than occasional public contact or more than occasional contact with co-workers." [R. at 19.]

At step four, the ALJ determined that Saunders did not have any past relevant work. At step five, the ALJ determined that, considering Saunders' age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Saunders could

perform such as groundskeeper, janitor and laundry worker. The ALJ's decision indicates that the vocational expert ("VE") provided testimony that the above work would be dependent upon a job coach. However, the ALJ found that there was no evidence that a job coach was needed. Therefore, the ALJ determined that Saunders was not disabled.

On review, the Appeals Council adopted the findings and conclusions of the ALJ. The Appeals Council disagreed with the ALJ that the VE testified that the above-mentioned jobs required a job coach. The Appeals Council reviewed the hearing testimony and determined that the VE testified that Saunders could perform these jobs without the precondition of having a job coach. Therefore, the Appeals Council determined that Saunders was not disabled.

## V. Discussion

The central issue in this matter is whether there is substantial evidence to support the Commissioner's decision that Saunders was not disabled. 42 U.S.C. § 405(g). Saunders raises three arguments on review: 1) substantial evidence does not support the Commissioner's determination that Saunders was not disabled at step three; 2) the ALJ's credibility determination is patently wrong; and 3) substantial evidence does not support the Commissioner's determination at step five that Saunders was not disabled.

As the ALJ and the Appeals Council evaluated Saunders' claim without regard to Saunders' employment at McDonalds, this Court will also evaluate Saunders's claim as though he has not engaged in substantial gainful activity.

The Court begins its analysis at the ALJ's and the Appeals Council's conclusion that Saunders was not disabled at step five. The VE testified that if a person required a job coach, that would not be considered competitive employment and there would be no jobs that would exist that the claimant could perform. [R. at 48-49.] The ALJ determined that there was no evidence to

6

support that a job coach was needed and even questioned whether one existed. [R. at 20, 23.] However, the ALJ failed to discuss employment specialist Kristy Byers opinion that Saunders required a job coach to obtain and maintain employment. [R. at 246.] The ALJ further disregarded the notes from the job coach. [R. at 272-82.] The notes provide brief descriptions of the interactions with Saunders including speaking with Saunders' manager at McDonalds to make sure things are going well. [Id.] The job coach continued to meet with Saunders for over six months after Saunders started working which continued through the time of the hearing. [Id.] While the ALJ is not required to discuss all of the evidence, the ALJ cannot ignore an entire line of evidence that contradicts the decision. *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009). Doing so results in the ALJ's failure to build an accurate and logical bridge from the evidence to the conclusion. *See Dixon v. Massonari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Since the Appeals Council adopted the ALJ's finding, the Court finds that substantial evidence does not support the ALJ's or the Appeals Council's determination that Saunders was not disabled.

In addition to evaluating the evidence and providing specific reasons for discrediting evidence supporting the requirement of a job coach, on remand, the Commissioner is also required to consult a vocational expert specifically regarding Saunders' limitations with concentration, persistence or pace. The Appeals Council adopted the ALJ's finding that Saunders had moderate difficulties in concentration, persistence or pace. [R. at 4-6, 18.] However, the RFC is devoid of restrictions in this regard.

The Seventh Circuit has held that the ALJ must either specifically mention to the vocational expert a claimant's restrictions in concentration, persistence or pace, or provide alternative language that puts the vocational expert on notice as to those limitations. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). Employing terms like "simple, repetitive tasks" or

"simple, routine tasks" and the like are insufficient. *Id*. at 620. Posing a series of increasingly restrictive hypotheticals is also insufficient to put the VE on notice. *Id*. at 619.

Here, the ALJ asked the VE hypothetical questions concerning limitations in concentration, persistence or pace that were not adopted in the RFC. Specifically, the ALJ asked, in addition to the hypothetical which adopts the RFC finding, if a claimant could perform work where he was not required to meet a time or production quota or work in an assembly atmosphere where others would need to depend on the claimant. [R. at 47.] To this hypothetical, the VE responded that jobs existed that the claimant could perform. [*Id*.] In a subsequent hypothetical, the ALJ asked if there would be jobs available if a claimant would be off-task for two hours in a workday or absent from work two or more days a month. [R. at 47-48.] The VE responded that either scenario alone would be excessive and would preclude work. [R. at 48.] While it is clear, the ALJ considered Saunders' limitations in concentration, persistence or pace, the Court is bewildered as to why such a limitation was not incorporated in the RFC. As neither the RFC, nor the hypotheticals satisfied the requirements set forth in *O'Connor-Spinner*, the Court finds that remand is appropriate.

With regard to Saunders' arguments at step three, the Court does not find error. Substantial evidence supports the ALJ's determination that Saunders' impairments does not meet or medically equal 12.05C. Listing 12.05C requires that a claimant have "[a] valid verbal, performance, or full scale IQ of 60 through 70 *and* a physical or other mental impairment *imposing an additional and significant work-related limitation of function*. 20 C.F.R. Pt. 404, Sbpt. P, Appx. 1, 12.05C (emphasis added). The ALJ found that Saunders' full scale IQ was within range of the listing, however, Saunders did not have a physical or other mental impairment imposing an additional and significant work-related limitation of function. [R. at 19.]

Saunders argues the fact that he had special education and impaired speech with poor enunciation and articulation problems as evidence that his impairment met or equaled Listing 12.05C. However, state agency psychologist Dr. Johnson specifically reviewed this listing and did not find that his impairment met or equaled 12.05C. [R. at 232.] This assessment was affirmed by Dr. Lovko. [R. at 257.] While the evidence does reflect that Saunders has a history of communication disorder, Saunders' speech impairment was evaluated by state agency speech pathologist M. Thomas who determined that the impairment was not severe. [R. at 256.] Moreover, the record does not indicate that Saunders' speech impairment causes a *significant* work-related limitation of function.

## VI.    Conclusion

For the reasons set forth above, the Commissioner's decision that Saunders was not disabled is not supported by substantial evidence. The Magistrate Judge recommends that the Commissioner's decision be **REVERSED AND REMANDED** for a new decision consistent with this Order. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 09/05/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov